CLAGG ET AL., APPELLANTS, *v.* BAYCLIFFS CORPORATION ET AL., APPELLEES.

[Cite as *Clagg v. Baycliffs Corp.* (1998), 82 Ohio St.3d 277.]

(No. 97–831—Submitted March 25, 1998—Decided July 1, 1998.)

*Connelly, Soutar & Jackson, Steven R. Smith* and *Janine T. Avila; Wilber & Wilber* and *George C. Wilber,* for appellants.

*Kelley, McCann & Livingstone, LLP, John D. Brown* and *Robert A. Brindza,* for appellees.

**MOYER, C.J.** The two issues presented in this appeal are (1) whether implied easement rights in a private street, established by reference to a subdivision plat depicting and dedicating the street, are subject to the replat procedures set forth in R.C. 711.24, which was in effect at the time the implied easement was created; and (2) whether R.C. 711.24 applies when a previously platted private street is altered, even if no existing lots are changed.

We hold that R.C. 711.24 applies to the replat of a private street even when no existing lots are changed, and that an implied easement, established by reference to a subdivision plat depicting and dedicating a private street to the lot owners of the subdivision, may be limited so long as the requirements of R.C. 711.24 are satisfied.

There is no dispute that the 1956 subdivision plat of Johnson's Island created an implied easement in Shoreway Drive, a private road, for the benefit of the owners of all lots on Johnson's Island. The extent of the easement and the effect of R.C. 711.24 on the easement are disputed, however. The class members argue that the easement extends the full length of Shoreway Drive as depicted in the 1956 plat, and that R.C. 711.24 does not allow Baycliffs to unilaterally change the course of Shoreway Drive. Baycliffs contends that each lot owner's easement is limited to ingress to and egress from the owner's specific lot and that R.C. 711.24 governs the proposed replat.

The extent of the easement does not affect the outcome of this case. The ingress and egress rights of all lot owners remain intact under the proposed change. Furthermore, even if the implied easement extends to the full length of Shoreway Drive, the ORPC found that the proposed change to Shoreway Drive did not injuriously affect the rights of the easement holders. Because the class members failed to appeal the ORPC decision, we will not pass upon the merits of that factual finding.

Implied easements are disfavored in the law and should extend only so far as both parties clearly intended. See *Tiller v. Hinton* (1985), 19 Ohio St.3d 66, 69, 19 OBR 63, 66, 482 N.E.2d 946, 950. R.C. 711.24 was enacted prior to the 1956 plat and dedication of Shoreway Drive. Thus, the statute was in effect prior to the creation of the implied easement in question. As this implied easement is based upon dedication language in a recorded subdivision plat, the court may infer that the creator of the original plat was or should have been aware of the statutes concerning plats and changes to plats and that the implied easement is therefore limited by the platting provisions. If the grantor of the implied easement had intended to protect the easement holders from the effect of the replat statute, the grantor could have done so by granting an express written easement defining the extent of the rights, by providing for joint ownership of the property over which Shoreway Drive runs, or by any other legal means of

conveyance. The grantor did not do so. Therefore, the implied easements in Shoreway Drive, having no express terms, definitions, or duration, are limited by the application of the law in effect at the time they were created, including the provisions of R.C. 711.24.

R.C. Chapter 711 sets forth the statutory framework for platting real property. R.C. 711.24 governs changes to a previously recorded plat, setting forth the requirements for changing lots, and the streets and alleys bounding the lots.

We affirm the holding and reasoning of the court of appeals, which interprets R.C. 711.24 to allow changes to streets and alleys bounding lots even when no change to preexisting lots is being made. The court of appeals noted that although the word "and" is usually interpreted in the conjunctive, we are permitted to interpret it in the disjunctive "if the sense requires it." R.C. 1.02.

Using this principle of statutory interpretation, we can and do read R.C. 711.24 to allow an owner to change "lots, [or ] the streets [or ] alleys bounding them." To read the word "and" strictly in the conjunctive in this case would, as the trial court points out, be a hypertechnical reading of the statute and would lead to the conclusion that R.C. 711.24 is applicable only when lots, streets, and alleys are all changed at once. Thus, R.C. 711.24 would govern changes to an existing lot only if a change to the bounding streets occurred as well, and then only if a change to alleys also occurred. Clearly, not all lots will be bounded by both streets and alleys, and some lots may be changed without altering any streets or alleys in the process. We do not agree that such a hypertechnical reading of R.C. 711.24 is required or that it would support the General Assembly's intentions in enacting this statute.

Baycliffs' proposed replat divides its property into lots and changes a portion of Shoreway Drive, which is a street that bounds lots. Therefore, R.C. 711.24 applies to this proposed change.

Contrary to appellants' assertions that the application of R.C. 711.24 to limit their easement rights constitutes a denial of their constitutional rights to due process, we find no such constitutional violation. R.C. 711.24 does not leave appellants unprotected. In fact, the statute specifically protects the rights of lot owners affected by a proposed replat. The statute requires that Baycliffs obtain written consent from all the owners of lots bounded by Shoreway Drive whose rights will be injuriously affected by the proposed change. This includes any injury to easement rights. The ORPC is the appropriate governing body to determine whether a proposed change satisfies the requirements of the statute and whether any owners will be injuriously affected by the change.

In this case, the ORPC determined that appellants were not injuriously affected by the proposed change to Shoreway Drive. The ORPC's finding in this regard could have been appealed pursuant to R.C. 2506.01. In fact, some

members of the class did file an appeal from the ORPC decision. However, that appeal was voluntarily dismissed and was never refiled.

When, as in this case, the affirmative defense of failure to exhaust administrative remedies is applicable and has been timely raised and maintained, a court will deny declaratory and injunctive relief. See, *e.g., Haught v. Dayton* (1973), 34 Ohio St.2d 32, 35–36, 63 O.O.2d 49, 51, 295 N.E.2d 404, 406. Thus, the court of appeals and the trial court did not err in denying injunctive relief to appellants because they failed to avail themselves of their legal remedies through the appeal provisions of R.C. 2506.01.

We hold that an implied easement in a private street, created by reference to a subdivision plat depicting and dedicating the street to the lot owners of a subdivision, is statutorily limited so that an owner of land within the subdivision may unilaterally change the course of the street subject to the requirements set forth in R.C. 711.24. Because R.C. 711.24 limits the easement rights of appellants and because appellants failed to exhaust their administrative remedies, we affirm the judgment of the court of appeals denying declaratory and injunctive relief.

*Judgment affirmed.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.