JONES, Appellant,

v.

CITY OF CLEVELAND, Appellee.

[Cite as *Jones v. Cleveland,* 152 Ohio App.3d 278, 2003-Ohio-1534.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 81837.

Decided March 27, 2003.

Stephen G. Thomas & Assoc. Co., L.P.A., and Stephen G. Thomas, for appellant.

Theodora M. Monegan and Jose M. Gonzales, Assistant Law Directors, for appellee.

---

KENNETH A. ROCCO, Administrative Judge.

{¶ 1} Appellant, Harland B. Jones, a former employee of the city of Cleveland, appeals from a judgment of the common pleas court in favor of the city in his action for wrongful termination and violation of his procedural and substantive due process rights.[1] Appellant urges that the common pleas court erred by failing to require the city to prove that its employee was a nonresident in administrative proceedings to terminate his employment. He also argues that the court erred by holding that a lesser standard of due process applies in quasi-judicial administrative proceedings than in court proceedings. For the reasons which follow, we find no error in the proceedings below, so we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Appellant was employed by the city of Cleveland, Department of Public Utilities, Division of Water. On June 30, 1998, he received notice that the city questioned his compliance with the residency requirement for city employees set forth in the city charter. This notice indicated that a hearing would be scheduled unless appellant provided the city's civil service commission with seven "acceptable items" proving that he was a resident of the city.

{¶ 3} A hearing was conducted before a magistrate on December 8, 1998, at which both the city and appellant presented exhibits; additional exhibits were submitted with a brief filed in appellant's behalf after the hearing. On February 22, 1999, the referee recommended that the city discharge appellant because he was not a bona-fide resident of the city. The city accepted this recommendation and discharged appellant effective March 3, 1999.

{¶ 4} Appellant appealed from this decision to the city's civil service commission. A hearing was held on April 26, 1999. The commission denied the appeal and upheld appellant's discharge on April 28, 1999.

{¶ 5} This action was filed on April 28, 2000. In his complaint, appellant claimed that the city wrongfully terminated his employment for failure to meet the residency requirement, in violation of his right under the Ohio Constitution to continue his employment based on his merit and fitness for his position. Appel-

---

1. Appellant voluntarily dismissed without prejudice a claim against the attorney and law firm who represented him in the administrative proceeding. This claim is not at issue in this appeal.

lant further asserted that the city violated his procedural and substantive due process rights by requiring him to bear the burden of proof with respect to his residency as a condition of continued employment.[2]

{¶ 6} The city moved for summary judgment; appellant filed a cross-motion for partial summary judgment. The court granted the city's motion and denied appellant's, and filed a 15–page opinion setting forth its reasoning. First, the court addressed appellant's claim that the city's residency requirement violated the Ohio Constitution. The court found that the Ohio Constitution requires civil service appointments and promotions to be based upon merit and fitness but does not place any limitations on the conditions under which employees may be discharged. The court further found that the city's residency rule does not require employees to be residents of the city at the time of their appointment; it requires them to become residents within six months. The court held that the city's civil service residency rules are valid under the home rule provision of the Ohio Constitution and do not violate the civil service provision of the Ohio Constitution. The court also found that the residency requirement does not violate appellant's right to travel under the Ohio and federal Constitutions.

{¶ 7} Second, the court addressed appellant's claim that the city violated his rights to procedural and substantive due process by (a) requiring him to prove his residency as a condition of continuing employment, (b) failing to notify him in writing of the charges and evidence against him, (c) failing to provide him with a meaningful opportunity to rebut the charges and evidence, and (d) applying inconsistent rules regarding the admission of evidence at the termination hearing. The court determined that the city gave appellant sufficient notice of the reason why it was considering discharging him when it told him that his compliance with the residency requirement was in question. The court also found that the city gave appellant the opportunity to rebut the charge either by presenting seven items proving he was a resident of the city or by presenting evidence and testimony at a hearing. The court found that it was reasonable for the city to place the burden on the employee to prove his residency in administrative proceedings because that matter was fully within the employee's knowledge. The court distinguished this court's decision in *Ward v. Cleveland,* Cuyahoga App. No. 79946, 2002-Ohio-482, 2002 WL 192092.

## LAW AND ANALYSIS

{¶ 8} We review de novo the common pleas court's ruling on summary judgment, using the same standard the common pleas court should have used.

---

2. The complaint also alleged that appellant's attorney negligently failed to provide evidence to the city with respect to his residency and did not appeal the administrative decision to the common pleas court. Appellant further claimed the law firm with which his attorney associated was liable for the attorney's actions. These claims are not at issue in this appeal.

*Mitnaul v. Fairmount Presbyterian Church*, 149 Ohio App.3d 769, 2002-Ohio-5833, 778 N.E.2d 1093, ¶ 27.

{¶ 9}  Appellant first argues that the common pleas court erred by holding that due process does not require the city to bear the burden of proof in a proceeding to terminate the employment of an existing employee on the ground that he is a nonresident.

{¶ 10}  Appellant had a protected property interest in his government employment, of which he could not be deprived without due process. *Cleveland Bd. of Edn. v. Loudermill* (1985), 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494.  To determine what process was due, we must apply the balancing test set forth in *Mathews v. Eldridge* (1976), 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18:

{¶ 11}  "[I]dentification of the specific dictates of due process generally requires consideration of three distinct factors:  First, the private interest that will be affected by the official action;  second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;  and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

{¶ 12}  "Outside the criminal law area, where special concerns attend, the locus of the burden of persuasion is normally not an issue of federal constitutional moment."  *Lavine v. Milne* (1976), 424 U.S. 577, 585, 96 S.Ct. 1010, 47 L.Ed.2d 249.  *Lavine* held that the government could properly impose the burden of proof on an individual seeking a government benefit.  This case is distinguishable, however, in that it involves the deprivation of an existing property right.  Therefore, we cannot rely on *Lavine* alone in determining whether the allocation of the burden of proof to the employee was appropriate.  *Benavidez v. Albuquerque* (C.A.10, 1996), 101 F.3d 620, 625.

{¶ 13}  Turning now to the *Mathews* factors, we recognize that an employee has a significant private interest in retaining public employment.  *Loudermill,* 470 U.S. at 532, 105 S.Ct. 1487, 84 L.Ed.2d 494.  However, we perceive no greater risk that an employee will be erroneously deprived of his or her employment when the burden of proving residency is placed on the employee than if the burden is placed on the government.  As the common pleas court correctly noted, the employee is actually in a better position than the government to establish proof of his or her residency, with materials already in his or her possession.  By contrast, the government simply does not have access to most evidence of residency.  To require the city to prove nonresidency would thus demand that the city devote appreciable resources to investigation of the residency of its own employees, costing the city both financially and in terms of

employee morale. It is significant that the employee is being asked to prove a positive (his residency) not a negative (e.g., that he did not violate work rules). Cf. *Benavidez*, 101 F.3d at 626. It is also significant that the city has informed its employees what forms of proof it deems adequate, thus providing fair notice of what the employee will need to prove. For these reasons, the allocation of the burden of proof of residency to the employee in a pretermination hearing does not violate the employee's due process rights.

{¶ 14} Appellant urges that the same standards of due process apply in administrative and court proceedings. We strongly disagree. Different functions are served by pretermination and post-termination administrative proceedings and the court proceedings to review them. Hence, different standards may apply. The Supreme Court's decision in *Loudermill* recognized that the extent of the pretermination hearing required depends in part on the extent of the post-termination hearing that is available. *Loudermill*, 470 U.S. at 542, 105 S.Ct. 1487, 84 L.Ed.2d 494.

{¶ 15} We find no error in the common pleas court's judgment. Therefore, we affirm.

Judgment affirmed.

JAMES J. SWEENEY and SEAN C. GALLAGHER, JJ., concur.