JOURNAL ENTRY and OPINION
{¶ 1} Defendants-appellants, the City of Cleveland and its civil service commission, appeal from common pleas court orders denying their motions to dismiss and for summary judgment and granting summary judgment in favor of plaintiffs-appellees, Robert Fisher, the Association of Cleveland Firefighters ("ACF"), and the Cleveland Police Patrolmen's Association ("CPPA"). Appellants contend that these orders were erroneous. They further assert that the court erred by entering a nunc pro tunc order waiving the posting of security for costs, and by awarding attorney's fees to appellees. For the following reasons, we affirm.
 Procedural History {¶ 2} Fisher and the ACF filed their complaint on July 23, 2002 and amended it on August 7 before an answer was filed. The amended complaint indicates that the action was commenced pursuant to R.C. 733.59 because the city failed to file an action regarding this matter on plaintiffs' demand
 {¶ 3} The amended complaint claims that the city's civil service commission routinely demands the federal income tax returns of firefighters who are being investigated for compliance with the city's residency requirement. Fisher and ACF allege that income tax returns are confidential under both state and federal law, and that the city's demand for them is an invasion of privacy. Therefore, Fisher and ACF request an injunction precluding the city and the civil service commission from demanding production of firefighters' tax returns for inspection. They also request an award of attorney's fees and costs.
 {¶ 4} CPPA was given leave to intervene as a plaintiff in this action on October 24, 2002. It immediately filed a separate complaint for an order requiring the defendants to cease and desist from further demands for inspection of the tax returns of CPPA members. The CPPA also seeks an award of attorney's fees.
 {¶ 5} Defendants moved to dismiss the complaints for failure to state a claim. The court denied this motion. All of the parties then moved for summary judgment. Plaintiffs also moved for an order nunc pro tunc to waive the statutory requirement that they provide security for costs. The court granted this motion.
 {¶ 6} On January 24, 2003, the court granted plaintiffs' motions for summary judgment and denied defendants' motion. When defendants attempted to appeal from this order, this court dismissed the appeal for lack of a final appealable order because the common pleas court had failed to order any remedy. State exrel. Robert Fisher v. Cleveland, Cuyahoga App. No. 82389, 2003-Ohio-2754. The common pleas court subsequently entered the following order:
 {¶ 7} "This case was returned to this court from the court of appeals for lack of a final appealable order. After reviewing the docket and the previous rulings in this case, the court solidifies its earlier rulings. The court previously granted the plaintiffs' motions for summary judgment but did not specify the injunctive remedy granted. The plaintiffs' [sic] requested relief from the defendant city's practice of reviewing employee's [sic] income tax returns in order to prove residency. The court granted the plaintiff's motions for summary judgment. Further, this court states that the defendants are enjoined from requesting employee's [sic] income tax returns and using these returns to prove or disprove residency within the City of Cleveland The practice invades the privacy of the plaintiff employees.
 {¶ 8} "Further, the defendants are ordered to pay the reasonable attorney fees incurred by the plaintiffs during the pendency of this litigation, minus the appellate costs. The plaintiffs' [sic] filed a cross-appeal and are not awarded fees related thereto. The court finds a reasonable fee to be $18,582.84. Final.
 {¶ 9} "Court costs assessed to the defendants."
 {¶ 10} Defendants now appeal from this order.
 Facts {¶ 11} Section 74 of the Charter of the City of Cleveland requires that every temporary or regular employee of the city must be a bona fide resident of the city or become one within six months after his or her appointment, and must remain a resident while employed by the city. Pursuant to the civil service rules, when the civil service commission initiates an investigation, the appointing authority must notify the employee that his or her compliance with the residency requirement is in question. Within seven working days, the employee must prove residency according to civil service guidelines.
 {¶ 12} The parties' motions for summary judgment reveal the following undisputed facts. At the time this action was filed, the civil service commission guidelines for proof of city residency required the employee to submit "[c]ompleted 1040 tax returns actually filed with Federal, State and Local Income Tax agencies." (Emphasis in original.) In addition, employees were also required to submit official homeowner's documents or lease documents, and at least five additional items such as utility bills, school records, motor vehicle records or financial records.
 {¶ 13} The civil service commission's secretary avers that the commission has required employees to provide tax returns as a mandatory item of proof in residency investigations since at least 1997. However, she stated that "[s]ince 1997, the tax returns required could be redacted, by any employee, of sensitive financial information prior to submission to the Commission." After this action was filed, on December 13, 2002, the commission adopted a revised guideline for proof of residency "to reflect this long-standing policy." This provision now requires employees to submit, as proof of residency: "[c]ompleted 1040 tax returns as actually filed with federal, state and local income tax agencies. The following information may be redacted: social security numbers (all), total gross income, adjusted gross income, itemized medical deductions, charitable deductions, union dues, income or interest earned from stocks, mutual funds or bank accounts."
 Law and Analysis Standing {¶ 14} In their second assigned error, appellants challenge appellees' standing to pursue this taxpayer action. Appellants argue that appellees seek individual, private, personal relief, and are not protecting a public right or interest. Therefore, they claim, appellees have no standing to sue pursuant to R.C.733.59.
 {¶ 15} R.C. 733.56 requires a city law director to apply in the city's name to a court of competent jurisdiction "for an order of injunction to restrain * * * the abuse of [the city's] corporate powers." If the law director fails to do so upon the request of a taxpayer, "the taxpayer may institute suit in his own name, on behalf of the municipal corporation." R.C. 733.59.
 {¶ 16} "The word `taxpayer' as used in Section 733.59, Revised Code, contemplates and includes any person who, in a private capacity as a citizen, elector, freeholder or taxpayer, volunteers to enforce a right of action on behalf of and for the benefit of the public * * *." State ex rel. Nimon v. Village ofSpringdale (1966), 6 Ohio St.2d 1, paragraph two of the syllabus.
 {¶ 17} "[A] taxpayer has standing to enforce a public right on behalf of a municipal corporation, regardless of private or personal benefit. * * *
 {¶ 18} "However, when the taxpayer's aim is merely for his own benefit, no public right exists, and a taxpayer's action pursuant to R.C. 733.59 cannot be maintained." Cleveland ex rel.O'Malley v. White, 148 Ohio App.3d 564, 2002-Ohio-3633 ¶¶ 45-46
(citations omitted).
 {¶ 19} In O'Malley, a union sued to enjoin the city from using non-electricians to perform "duct bank work" on a construction project. The court found there was full compliance with the bid procedures, and public safety was not a true concern, and therefore no public right was at issue; at most, the union was protecting its members' interests in performing the work themselves. Therefore, the plaintiff union lacked standing to pursue the action under R.C. 733.59.
 {¶ 20} In this case, despite the appellees' private interests in the outcome of this litigation, the relief they seek inures to the benefit of the public. First and most obviously, because employees of the city must be residents, a requirement that employees submit tax returns as proof of their residency directly affects a substantial class of city residents. Second, the city's blanket requirement that employees disclose private personal and financial information in order to continue employment must be deemed an abuse of corporate power, not merely a violation of individual rights.
 {¶ 21} "[T]he abuse of corporate powers within the purview of the statute, includes an unauthorized or unlawful exercise of the powers possessed by the corporation, as well as the assumption of powers not conferred." Elyria Gas Water Co. v. Elyria (1898),57 Ohio St. 374, 384. There is no doubt that a city government may impose a residency requirement upon its employees. SeeBuckley v. Cincinnati (1980), 63 Ohio St.2d 42. A city can, moreover, place the burden of proof on the employee to prove his or her residency. Jones v. Cleveland, 152 Ohio App.3d 278,2003-Ohio-1534. The issue here is the means by which the city may require an employee to prove residency. For reasons we discuss more fully below, we find that the city's requirement that employees submit tax returns as proof of residency is an "unlawful exercise of the powers possessed" by the city, and thus an abuse of corporate power.
 {¶ 22} Though tax return information is not statutorily privileged when obtained from taxpayers themselves, it has long been held that such information is not freely available in discovery in litigation, as a matter of public policy. See, e.g.,Cooper v. Hallgarten Co. (S.D.N.Y. 1964), 34 F.R.D. 482. Some courts have suggested that the privacy of tax return information may be constitutionally protected. See, e.g., Plante v.Gonzales (5th Cir. 1978), 575 F.2d 1119; DeMasi v. Weiss
(3d Cir. 1982), 669 F.2d 114, 119-20. The government's demand for such information in the context of an administrative employment investigation which may result in dismissal implicates due process concerns as well. A blanket demand for tax return information in all cases fails to address these concerns, and constitutes an unlawful exercise of the city's powers. Therefore, we find this action confers a public benefit, and appellees have standing to pursue it. Cf. Association of Cleveland FireFighters, Loc. 93 v. Cleveland, 156 Ohio App.3d 368,2004-Ohio-994.
 Summary Judgment {¶ 23} In their first assigned error, appellants contend that the court erred by granting summary judgment for appellees. First, they argue that the laws under which appellees claim a right of privacy preclude disclosure of tax return information only by a government entity; they do not restrict a government agency's ability to obtain disclosures from taxpayers themselves. We agree. Neither 26 U.S.C. § 6103 nor R.C. 5747.18[1]
precludes a governmental entity from seeking tax return information from the taxpayer. These statutes protect the confidentiality of tax return information in the possession of the taxing authority and limit further dissemination by it. Thus, the civil service commission could not obtain the tax return information it seeks from the taxing authorities. However, neither 26 U.S.C. § 6103 nor R.C. 5747.18 makes it unlawful for the city to obtain this information from the taxpayer. See Mandellv. Yellow Cab Co. Of Cleveland (C.P. 1958), 84 Ohio L.Abs. 524.
 {¶ 24} This concession hardly ends our inquiry, however. "Although tax returns are not privileged, there is a public policy against unnecessary disclosure, in order that taxpayers can be encouraged to file accurate returns." Credit Life Ins.Co. v. Uniworld Ins. Co. Ltd. (S.D. Ohio 1982), 94 F.R.D. 113,120. There remains an issue whether the public policy protecting the confidentiality of tax return information precludes a government employer from requiring disclosure of tax returns as proof of residency, a condition of continuing employment.
 {¶ 25} Urging us to apply the standard for enforcement of administrative subpoenas to this question, the city points to the civil service commission's power to issue subpoenas in its investigations. This standard would place the burden on the employee to demonstrate that the guidelines are unreasonable. The commission guidelines are not a subpoena, however. The guidelines do not command the employee to produce the listed documents at a particular date and time. The city could not compel compliance with the guidelines through court-ordered contempt proceedings if the employee failed to submit the requested materials. Therefore, we decline to apply the review standards applicable to subpoenas.
 {¶ 26} This is not to say that an employee is not compelled to produce the tax returns and other documents, however. The city places the burden of proving residency on its employees. The city requires employees to submit seven items of proof, two of which are mandatory. One of the mandatory items of proof is the employee's tax returns. The city may discharge employees who fail to provide sufficient proof of residency. The threat of discharge if the employee fails to submit the tax returns and other items of proof is an ample basis for concluding that the city compels these disclosures, albeit not with its administrative subpoena power.
 {¶ 27} There is no mechanism for a pre-discharge review of the reasonableness of the city's demand for tax return information. Unlike an administrative subpoena, the city's demand for disclosure of tax returns as proof of residency in all cases is not tailored to the particular case, and is not subject to pre-disclosure review to determine the relevancy of the requested information prior to disclosure. Thus, the employee's only means to protect information he or she believes to be private is to refuse to disclose the information and to be discharged for failure to prove residency, and then to challenge the discharge. To place this sort of burden on an employee's ability to protect his or her privacy must be deemed a compulsion even more severe than a subpoena.
 {¶ 28} In the context of civil litigation, disclosure of tax returns will be required only if they are relevant to a disputed issue and if there is a compelling need for the disclosure because the information contained in the return cannot be obtained by other means. We believe this standard is the appropriate one for assessing whether the city may routinely require disclosure of tax return information as part of its residency investigation.
 {¶ 29} Tax returns do contain some information relevant to the residency of the taxpayer. Specifically, the address the employee characterizes as his or her primary residence is relevant to the city's inquiry. However, the city's contention that the returns also contain other relevant information is specious. Properties which the employee has characterized as investments or secondary residences on his or her tax return simply are not relevant to the question of residency; the employee is not claiming one of these as his or her residence. Any inconsistency in the employee's claims regarding his or her residence on a tax return and on other documents will be apparent without disclosure of the tax treatment the employee has accorded to the properties.
 {¶ 30} The employee's earnings from other employment also are not relevant. The city contends that this information may disclose inconsistent employment in another municipality with a residency requirement. However, secondary earnings may not be from other municipal employment. Even if they are, the particular municipality may not have a residency requirement, so there will be no inherent conflict in being employed by two different cities. Finally, even if secondary earnings do arise from other employment in a municipality which has a residency requirement, at most this fact demonstrates a conflict in the employee's claims. It does not demonstrate whether the employee resides in the city.
 {¶ 31} The portion of the tax return which the city has demonstrated to be relevant is extremely limited. We perceive no compelling need for the disclosure of employee tax returns in order to obtain this limited information in a residency investigation. The same information — the address the employee claims for tax purposes — is readily available by other means. For example, the employee's Form W-4 lists the employee's address for tax purposes; this form is already in the city's possession and contains much more limited information than the Form 1040. To the extent the city seeks a sworn statement of residency, it can, of course, ask the employee to supply an affidavit of residency. Therefore, we hold that the city has unnecessarily invaded the privacy of its employees by demanding that they submit tax returns as proof of residency. Accordingly, we affirm the common pleas court orders granting summary judgment to appellees and enjoining the city from requiring employees to submit this information.
 Security for Costs {¶ 32} In its third assigned error, the city complains that the court erred by entering an order nunc pro tunc waiving the statutory requirement that appellees post security for costs. While we agree that this order was not properly entered nunc pro tunc, we disagree with the city's contention that this was an "attorney's fee matter" and "effectively bestow[ed] as a parting gift an undetermined but apparently unlimited amount of attorney's fees without any evidentiary hearing." Under R.C.733.59, "[n]o such [taxpayer] suit or proceeding shall be entertained by any court until the taxpayer gives security for the costs of the proceeding." Thus, the posting of security is a precondition to court action on a statutory taxpayer's suit, not simply a precondition to an award of attorney's fees. See Stateex rel. Citizens for a Better Portsmouth v. Sydnor (1991),61 Ohio St.3d 49. The court here waived security for costs before it ruled on the merits of the action, so this precondition was met. Therefore, we overrule the third assignment of error.
 Attorney's Fees {¶ 33} Finally, the city contends that the court abused its discretion by awarding attorney's fees and costs to appellees without an evidentiary hearing. The city first argues that this was not a proper statutory taxpayer action under R.C. 733.59
because appellees did not post security for costs, so no award of fees could be made pursuant to R.C. 733.61. As discussed above, however, the court could and did waive the requirement that appellees post security for costs. Therefore, appellees met the requirements of a statutory taxpayer action under R.C. 733.59.
 {¶ 34} The city also urges that the court abused its discretion by failing to conduct a hearing on the motion. An evidentiary hearing is not required for the court to determine the amount of attorney's fees, unless the award is sought as a sanction for frivolous conduct. Pawul v. Pawul (1996),113 Ohio App.3d 548, 551; cf. Santoscoy v. Ganley Nissan, Inc. (Sept. 2, 1999), Cuyahoga App. No. 75957. Therefore, we overrule the fourth assignment of error.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J. and Gallagher, J. concur.
[1] 26 U.S.C. § 6103 provides that tax returns and return information is "confidential" and prohibits federal and state employees and other persons who have access to returns and return information pursuant specific provisions of the U.S. Code from disclosing that information. R.C. 5747.18 provides that "no person" shall disclose "[a]ny information gained as the result of returns, investigations, hearings, or verifications required or authorized by this chapter," except "for official purposes," "in accordance with a proper judicial order," or pursuant to specific statutory provisions. Despite the breadth of the term "no person," the limitation on the use of information "gained as a result of" returns limits the application of the statute to disclosures by the tax commissioner and his or her employees. Cf.Collins v. Ferguson (1976), 48 Ohio App.2d 255.