[Cite as *Mitiwanga Park Co. v. Sablack*, 2015-Ohio-3945.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

| | |
|---|---|
| The Mitiwanga Park Company | Court of Appeals Nos. E-15-001 |
| | E-15-002 |
| Appellant | E-15-003 |
| | E-15-004 |
| v. | E-15-005 |
| | |
| Dezso Sablack, et al. | Trial Court Nos. CVF 1300353 |
| | CVF 1300354 |
| Appellees | CVF 1300355 |
| | CVF 1300356 |
| | CVF 1300357 |

**DECISION AND JUDGMENT**

Decided: September 25, 2015

* * * * *

Joseph E. DiBaggio and Robert E. Kmiecik, for appellant.

Raymond V. Vasvari, Jr., for appellee Dezso Sablack.

George C. Wilber, for appellees Connie Holland and Sandy
Beach Apartments, Ltd.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Mitiwanga Park Company appeals the November 25, 2014

judgment of the Vermilion Municipal Court which granted summary judgment in favor of

property owners Dezso Sablack, Connie Holland, and Sandy Beach Apartments, Ltd. on its claims for funds it alleged were due for reasonable use and maintenance of common areas of the development. Because we agree that no genuine issue of fact remains, we affirm.

{¶ 2} Mitiwanga Subdivision is located in Erie County, Ohio, on the shores of Lake Erie. It was incorporated in 1915. Mitiwanga Park Company ("Mitiwanga") is a property owner's association and its bylaws were incorporated on October 7, 1987. Mitiwanga claims title to the common areas, i.e. property not owned by individual owners, in the subdivision including the roads, park area, lakefront and beach.

{¶ 3} In a prior action before this court, Mitiwanga claimed the right to enforce the bylaws as to all lot owners based upon the contractual restrictions that it claimed the property owners had constructive knowledge of when they purchased their property (excluding those whose lot ownership predated the 1987 incorporation date.) *Sandy Beach Apt. Ltd. v. Mitiwanga Park Co.*, 6th Dist. Erie Nos. E-06-041, E-06-040, E-06-042, 2008-Ohio-606. Reviewing the trial court's award of summary judgment to Mitiwanga, we found that the bylaws, by way of their inception, could not be considered restrictive covenants that ran with the land. *Id.* at ¶ 36. We further held that Mitiwanga was not entitled to reimbursement of the maintenance costs under a theory of unjust enrichment. Specifically, we noted that "Mitiwanga proceeded, without an agreement, to maintain the common areas and then attempted to force appellants to pay what Mitiwanga determined to be their share of the cost * * * [a] finding of unjust enrichment

2.

under such circumstances would not be equitable and is contrary to law." *Id.* at ¶ 43. This court then reversed the summary judgment award and remanded the matter to the trial court to declare the rights of the parties under the deeds. *Id.* at ¶ 46.

{¶ 4} On remand, appellee Sablack and Mitiwanga entered a joint stipulation of dismissal, with prejudice. As to appellees Holland and Sandy Beach, on June 28, 2010, the trial court found that appellees, pursuant to an implied easement, had unrestricted use of the streets, avenues, and parks. The court further noted that Holland and Sandy Beach, as the owners of the dominant estate, had the responsibility to make the necessary repairs; because Mitiwanga voluntarily made the repairs, it was not entitled to restitution under an unjust enrichment theory. The court then concluded:

> [E]ven though the common law principle establishes the fact that Plaintiff is responsible for making repairs, Ohio case law recognizes that courts have properly determined the relative use of each party and apportioned the expenses incurred in maintaining and repairing the easement accordingly. There is nothing before this Court which denotes that a repair to any easement is necessary at this time. Moreover, it is true that Plaintiffs are not required to maintain the easement area to a level to be determined by the Defendant. However, since both parties jointly use the easements it would be only fair that Plaintiffs contribute their proportionate share, if repairs are necessary, to prevent the enjoyment of the easement from becoming an annoyance. With that stated, however, this does not

3.

mean that the Defendant has the responsibility to determine when and how such expense should be established. Thus the Court determines that if and when repairs are necessary, Plaintiffs and the Defendant shall determine the relative use of each party and proportion the cost accordingly. Sandy Beach Apt. Ltd. v. Mitiwanga Park Co., Erie C.P. No. 2000-CV-454 (June 28, 2010.)

No appeal was taken from the judgment.

{¶ 5} On November 13, 2013, Mitiwanga commenced five small claims actions in the Vermilion Municipal Court. Two actions named appellee Sablack and involved two parcels of property and a claim to recover funds for the use and benefit of roadways and services maintained by Mitiwanga during 2011. Three similar claims were filed against appellee Holland and Sandy Beach Apartments (with Holland as the sole member of the limited liability company.)

{¶ 6} By motions of appellees, the court transferred the cases to the regular docket of the Vermilion Municipal Court. On July 17, 2014, Sablack filed his motion for summary judgment. Sablack argued that appellant was estopped from asserting its claims based on this court's 2008 decision. Specifically, Sablack argued that Mitiwanga's monetary claims for "reasonable use" of the roadways and common areas for 2011 was barred by res judicata. Sablack further contended that Mitiwanga's claims were preluded whether or not they were based upon the same legal theories. Sablack asserted that he was not legally required to pay the charges asserted in the case.

4.

**{¶ 7}** On the same date, Holland and Sandy Beach filed motions for summary judgment also arguing that the claims were barred by res judicata. The parties explained that the cases involved the same parties and involved "a common nucleus of operative facts," thereby precluding relitigation.

**{¶ 8}** In opposition, Mitiwanga argued that its claims were not based in contract or under the theory of unjust enrichment which had previously been rejected by this court; rather, it was seeking to enforce its rights under an implied easement. Mitiwanga claimed that based upon the easement, appellees, by law, were required to pay their proportionate share of the expenses. Relying on the language in the trial court's 2010 decision, Mitiwanga stated that appellees, as owners of the dominant estate, were required to make certain repairs. Because they failed to do so Mitiwanga, as the owner of the servient estate, was obligated to perform them and was entitled to reimbursement for the repairs it undertook.

**{¶ 9}** In response, the parties argued that no new legal theory was raised in Mitiwanga's case and that even considering it as a new claim because it could have been raised in the previous action, Mitiwanga was estopped from raising it. Further as to Sablack, he argued that he and Mitiwanga settled their dispute; thus, Sablack was not bound to the lower court's 2010 decision following remand. Appellees further argued that unlike the dictates of the trial court's prior decision, there had been no agreement between the parties as to what repairs were necessary and how payment would be

5.

apportioned. Appellees asserted that Mitiwanga was not authorized to "unilaterally" determine the repairs necessary and the costs and then bill appellees.

{¶ 10} On November 25, 2014, the court granted appellees' motions for summary judgment. The court found:

> It is evident from the briefs and documents submitted to this court that the complaint filed herein is, in fact, the same claim previously litigated between the same parties in the Erie County Common Pleas Court. The only difference is the time frame for which Plaintiff asserts its claim.

{¶ 11} The court then noted that appellees had not agreed to pay Mitiwanga's assessments and that:

> The Plaintiff has not established that the repairs were "necessary" or that the cost of the necessary repairs were then proportionally shared according to the "relative use of each party" as mandated by the Erie County Common Pleas Court. In fact the complaint is requesting judgment for "reasonable use" it does not even allege that 1. There were repairs, 2. The repairs were necessary, or 3. Defendant's share was proportionately shared according to use.

{¶ 12} The court then concluded that "Plaintiff's failure to satisfy the explicit conditions precedent as required by the Erie County Common Pleas Court decision precludes it from establishing its claim. The trial Court's decision clearly does not allow Plaintiff to simply charge a user fee."

6.

{¶ 13} This consolidated appeal followed with Mitiwanga raising four assignments of error for our review:

A. The trial court erred in granting defendants/appellees' motion for summary judgment on grounds not asserted by appellees.

B. The trial court erred in granting defendants/appellees' motion for summary judgment on the basis that Plaintiff/Appellant's complaint was defective as Plaintiff is not required to plead with specificity.

C. The trial court erred in granting defendants/appellees' motions for summary judgment where it considered issues not raised by the parties and failed to provide appellant with an opportunity to respond.

D. The trial court erred in granting summary judgment where there remained genuine issues of material fact.

{¶ 14} Appellant's assignments of error are related and will be jointly addressed. Initially, we note that review of the trial court's grant of summary judgment is de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). A motion for summary judgment should only be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *Harless v. Willis Day Warehousing Co.,* 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); Civ.R. 56(C).

7.

{¶ 15} Mitiwanga initially argues that the trial court granted summary judgment on grounds not asserted by appellees. Specifically, it contends that the court determined that Mitiwanga failed to plead with specificity and that its claims for relief were defective. Mitiwanga further contends that the court erred in granting summary judgment on this basis, which was not raised by appellees, and erred by failing to provide Mitiwanga an opportunity to respond.

{¶ 16} Reviewing the prior proceedings and the record in the present matter, we disagree with Mitiwanga's interpretation of the trial court's judgment. In its decision, the court in making its determination that res judicata barred Mitiwanga's claim for relief, stated that Mitiwanga failed to comply with the express directive of the Erie County Court of Common Pleas and that the claims were simply a repackaged attempt to force appellees to pay for repairs it unilaterally undertook.

{¶ 17} Mitiwanga further argues, generally, that the trial court erred in granting summary judgment to appellees. Mitiwanga claims that genuine issues of fact remain regarding appellees' proportionate share of the costs of the repairs it made to the "common law implied easement." Mitiwanga contended that at trial it would have provided evidence of the relative use and proportionate share of the repair costs attributable to each party. Conversely, appellees argue that the implied easement theory espoused by Mitiwanga fails to countermand this court's explicit finding that appellees have no obligation in law or equity to reimburse Mitiwanga for expenses related to repair or upkeep of the common areas.

8.

**{¶ 18}** We note that "[t]he doctrine of res judicata bars successive actions when a valid, final judgment has been rendered upon the merits and an identity of parties or their privies exists." *State v. Haney*, 10th Dist. Franklin No. 99AP-159, 1999 WL 1054840 (Nov. 23, 1999), citing *Ameigh v. Baycliffs Corp.*, 81 Ohio St.3d 247, 249, 690 N.E.2d 872 (1998). Moreover, "'res judicata is applicable where an issue has been actually and necessarily litigated and determined in a prior action.'" *Id.,* quoting *Ameigh.* Further, res judicata can act to bar an action that should have been brought in an earlier proceeding. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 383, 653 N.E.2d 226 (1995).

**{¶ 19}** As set forth above, in our February 15, 2008 decision and judgment we specifically found that the bylaws enacted by Mitiwanga neither created a binding contractual agreement nor created a right to equitable relief for their monetary claims. *Sandy Beach Apt. Ltd.*, 6th Dist. Erie Nos. E-06-041, E-06-040, E-06-042, 2008-Ohio-606, at ¶ 35-43. *Accord Cianciola v. Johnson's Island Property Owners' Assn.*, 6th Dist. Ottawa No. OT-11-031, 2012-Ohio-5261.

**{¶ 20}** Regarding the implied easement claim, an implied easement, as in this case, may be created by reference to the subdivision plat. *Gonzalez v. Graves*, 2015-Ohio-1791, 32 N.E.2d 1021, ¶ 28 (6th Dist.), citing *Clagg v. Baycliffs Corp.*, 82 Ohio St.3d 277, 281, 695 N.E.2d 728 (1998). Such easement entitles the owner of the easement, the dominant estate, to a limited use of the land in which the interest exists, the servient estate. *Crane Hollow, Inc. v. Marathon Ashland Pipe Line, LLC*, 138 Ohio App.3d 57, 67, 740 N.E.2d 328 (4th Dist.2000). Generally, the dominant estate is

9.

responsible for repairs to the easement. *Colace v. Wander*, 5th Dist. Richland No. 2006 CA 0005, 2006-Ohio-7094, ¶ 62, citing *National Exchange Bank v. Cunningham*, 46 Ohio St. 575, 589, 22 N.E. 924 (1889). However, where repairs voluntarily undertaken by the servient estate are "necessary" for, e.g., safety reasons, the expenses may be apportioned by the relative use of each party. *Market Ent., Inc. v. Summerville*, 5th Dist. Stark No. 2001CA00315, 2002-Ohio-3692, *2. This is in accord with the Erie County Court of Common Pleas' 2010 decision in this matter.

**{¶ 21}** In its November 25, 2014 decision, the lower court found that the claims were barred by res judicata because Mitiwanga failed to raise an issue of fact regarding what repairs, if any, were undertaken and whether such repairs were necessary. Absent such claims, there was no basis under which appellees could owe any sums related to the easement. Further, Civ.R. 56(E) requires that a defending party "must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." In Mitiwanga's opposition to summary judgment it claims that it is entitled to reimbursement for "efforts to maintain" the easement area due to appellees' failure to do so. We conclude that vague assertions of maintenance and repair are not "specific facts" as contemplated under the rule.

**{¶ 22}** Accordingly, we find that the trial court's basis and award of summary judgment to appellees was not in error. Mitiwanga's first, second, third, and fourth assignments of error are not well-taken and are denied.

10.

**{¶ 23}** On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Vermilion Municipal Court is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____

JUDGE

Arlene Singer, J.         

_____

Thomas J. Osowik, J.          JUDGE
CONCUR.

_____

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.